STEVEN T. JAFFE, ESQ.
Nevada Bar No. 7035
sjaffe@lawhjc.com
ASHLIE L. SURUR, ESQ.
Nevada Bar No. 11290
asurur@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 Peak Drive
Las Vegas, Nevada 89128
(702) 316-4111
Fax (702) 316-4114

*Attorneys for Defendant Richard E. Butler*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARIO LARA PEREZ, individually,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD E. BUTLER; WESTERN EXPRESS, INC.; DOES I through X and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT RICHARD E. BUTLER'S NOTICE OF REMOVAL OF COMPLAINT TO UNITED STATES DISTRICT COURT**<br><br>**JURY DEMANDED** |

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), Richard E. Butler ("Butler"), petitions this court for removal from the Eighth Judicial District Court, Clark County, Nevada to this court and submits the following information in support of this request:

1. Plaintiff Mario Lara Perez ("Plaintiff") filed his complaint against Richard E. Butler in the Eighth Judicial District Court, Clark County, Nevada, Case Number A-20-810895-C, on February 21, 2020. *See* Complaint, attached as Exhibit 1.

2. Butler was served with the summons and complaint on May 20, 2020. *See* Acceptance of Service, attached as Exhibit 3.

1

3. On information and belief, as of the time of the submission of this notice of removal, Western Express, Inc. has not been served with the summons and complaint.

4. Under 28 U.S.C. §1446(b)(3) the 30-day period for removal began to run on July 15, 2020 when Defendant Richard E. Butler was served with Plaintiff's Petition for Exemption from Arbitration. *See* Ex. 11.

5. Thirty days have not elapsed since Butler was served with the Plaintiff's Petition for Exemption from Arbitration and removal is sought within one year of the filing of the complaint.

6. Assignment to this court is proper because the action was pending in the Eighth Judicial District Court, Clark County, Nevada.

## JURISDICTION

7. Under 28 U.S.C. §1441, Butler has a statutory right to remove this case from the state court to this United States District Court because this case could have originally been filed in this federal court. The grant of this right is authorized by Article III, Section 2 of the United States Constitution, which extends judicial power of the federal courts to controversies "between citizens of different states." 28 U.S.C. §1332.

8. Removal is proper here, because this court has original jurisdiction of this action under 28 U.S.C. §1332. There is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. §1441.

## DIVERSITY

9. Butler is a citizen of the State of Nevada.

10. Butler is informed and believes that Western Express, Inc. is a citizen of the State of Tennessee. *See* Defendant Richard E. Butler's Answer to Plaintiff's Complaint, attached at Exhibit 9, at ¶2.

11. Butler is informed and believes that Plaintiff is a citizen of the State of California. *See* Compl., Ex. 1, at ¶1.

## AMOUNT IN CONTROVERY

12. Butler merely needs to prove that it is more likely than not that the amount in controversy satisfies the jurisdictional amount. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Included in the amount in controversy calculation are all allegations of damages, including actual damages, and attorneys' fees. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007)

13. Because this case was originally filed in state court and Nevada Rule of Civil Procedure 8(a) prohibits a plaintiff from pleading a specific amount of damages that is greater than $15,000, the complaint does not explicitly state that the amount in controversy is greater than $75,000. *See* Compl., Ex.1. A facial review of the complaint did not reveal that the amount in controversy exceeds the jurisdictional threshold. *See id.*

14. However, on July 15, 2020, Plaintiff filed a Request for Exemption from Arbitration wherein he identified $66,759.25 in past medical bills. *See* Ex. 11, p. 3.

15. Plaintiff's $66,759.25 in special damages, in conjunction with the damages allegations in the complaint, demonstrate that the amount in controversy exceeds $75,000. In the complaint, Plaintiff alleges general damages in excess of $15,000, (*see* Compl., Ex.1, p. 4); economic losses of an undisclosed amount, (*id.* at ¶ 12); future special damages of a presently unknown amount, (*id.* at p.4); and, property damage, including loss of use and rental car charges, of a presently unknown amount, (*id.*). Butler, therefore, believes in good faith that the amount in controversy exceeds $75,000. This not an admission that Butler is

3

1  legally responsible for any conduct that would warrant the imposition of liability
2  or damages alleged by Plaintiff.

### REMOVAL IS PROPER

16. This action is pending in the Eighth Judicial District Court, Clark County, Nevada. This court's jurisdiction encompasses Clark County. 28 U.S.C. §108. This court is, therefore, the proper court to which the action should be removed. 28 U.S.C. § 1441(a).

17. This notice of removal is timely filed because it was filed within thirty days after Defendant Richard E. Butler was served with Plaintiff's Petition for Exemption From Arbitration – the document from which it was first ascertained that the case is removable. 28 USC §1446(b)(3).

18. Pursuant to 28 USC §1446(d), written notice of the removal will be served on all other parties and Butler will timely file a Notice of Removed Action in the Eighth Judicial District Court, Clark County, Nevada. *See* Notice of Removed Action, attached as Exhibit 13.

19. At the time of removal, Butler is informed and believed that Western Express, Inc. has not been served with the summons and complaint, and therefore, is not required to obtain Western Express, Inc.'s consent to the removal.

20. Butler reserves the right to amend or supplement this Notice of Removal.

DATED August 13, 2020.

**HALL JAFFE & CLAYTON, LLP**

By: */s/ Ashlie L. Surur*
Steven T. Jaffe, Esq.
Nevada Bar No. 7035
Ashlie L. Surur, Esq.
Nevada Bar No. 11290
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Richard E. Butler*

**CERTIFICATE OF SERVICE**

I certify that on August 13, 2020, I served a true and correct copy of the foregoing **Notice of Removal Of Complaint To United States District Court** on the following parties by electronic transmission through the Court's electronic filing system (CM/ECF) and by U.S. Mail to any parties not registered:

Bradley L. Kenny, Esq.
CRAIG P. KENNY & ASSOCIATES
501 S. Eighth Street
Las Vegas, NV 89101

*/s/ Michele Stones*
An Employee of
**HALL JAFFE & CLAYTON, LLP**

## **INDEX**

| | |
|---|---|
| 1 | Complaint 2/21/20 |
| 2 | Plaintiff's Initial Appearance Fee Disclosure 2/21/20 |
| 3 | Acceptance of Service 5/20/20 |
| 4 | Ex Parte Motion for Extension of Time to Serve Summons and Complaint 6/08/20 |
| 5 | Demand for Non-Resident Cost Bond 6/09/20 |
| 6 | Order Granting Ex Parte Motion for Extension of Time to Serve Summons and Complaint on Western Express 6/16/20 |
| 7 | Undertaking for Security for Costs for Non-Resident 6/17/20 |
| 8 | Notice of Filing Non-Resident Cost Bond 6/18/20 |
| 9 | Richard E. Butler's Answer to Complaint 6/26/20 |
| 10 | Richard E. Butler's Demand for Jury Trial 6/26/20 |
| 11 | Plaintiff's Petition for Exemption From Arbitration 7/15/20 |
| 12 | Commissioner's Decision on Request for Exemption 07/31/20 |
| 13 | Notice of Removed Action in the Eighth Judicial District Court, Clark County, Nevada |